Metz v. Romero.

---

[No. 1275, January 6, 1910.]

NICK METZ, Appellee, v. ANDRES ROMERO, Apellant.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice.   Affirmed.

N. B. FIELD for Appellant.    See Brief for No. 1249.

B. F. ADAMS for Appellee.

Neither of appellant's propositions are within the issues made by the pleadings in his case and were not, therefore, properly before the court below.   Chaves v. Meyers, 11 N. M. 342; Armijo v. Mountain Elec. Co., 11 N. M. 243; Bliss Code Pl., par. 352; Pom. Rem. Pars. 691, 711; Hagan v. Surch, 8 Iowa 309; Smith v. Holmes, 19 N. Y. 271; Elder v. Rourke, 41 Pac. Rep. 7; Hickey v. Thompson, 12 S. W. Rep. 477; Johnson v. Meyer, 16 S. W. Rep. 123.

Objections not raised in the court below will not be considered in the appellate court.   Conway v. Carter, 11 N. M. 430; Ford v. Springer Land Assn., 8 N. M. 59; Romero v. Coleman, 11 N. M. 538; Springfield Fire and Marine Ins. Co. v. Sea, 88 U. S. 161; 2 Enc. Pl. & Pr. 516, 519; 2 Cyc. 670; 9 Cyc. 702 and Note 7, 734, and authorities cited; 11 Enc. Pl. & Pr. 626, 665, 666; Brink v. Morton, 2 Iowa 411; Phoenix Ins. Co. v. John G. Copelin, 9 Wall. 467; Waldo v. Beckwith, 1 N. M. 97; Badeau v. Baca, 2 N. M. 194; Territory v. Webb, 2 N. M. 147; Territory v. Maxwell, 2 N. M. 250; Lynch v. Grayson, 7 N. M. 26; Hooper v. Browning, 19 Neb. 420; Romero v. Coleman, 11 N. M. 537.

In contemplation of law, the building was completed when appellee filed his lien. Perry v. Brainard, 8 Pac. Rep. 883; Armijo v. Mountain Electric Company, 11 N. M. 243; 11 Cyc. 35 and authorities cited 36.

"The decisions of this court are of the law of this Territory." Bennett v. Zabriski, 2 N. M. 179.

The New Mexico mechanics' lien law is constitutional. Ellis v. Railroad Co., 165 U. S. 150; Genest v. Las Vegas Masonic Bdg. Assn., 11 N. M. 272; C. L. 1897, sec. 2226; Hobbs v. Spiegelberg, 3 N. M. 363; Parker v. Bell, 7 Gray, 431; Neely v. Searlight, 15 N. E. Rep., Ind. Sup. 598; Wecks v. Walcot, 15 Gray 54; Clark v. Kingsley, 8 Allen .43; Phil. Mech. Liens, 52-65; Pomeroy v. Timber Co., 49 N. W. Rep., Neb. 1131; Post v. Miles, 7 N. M. 325, 326; 8 Cyc. 1102 and authorities cited; 27 Cyc. 18; Warren v. Sohn, 13 N. E. Rep. 868; Spofford v. True, 54 Am. Dec. 623; Laird v. Moonan, 20 N. W. 354; Donahy v. Clapp, 12 Cush. 440; Bardwell et al, v. Mann et al, 48 N. W. 1121; Bohn v. McCarthy, 20 Minn. 23, 11 N. W. 127, Blauvelt v. Woodworth, 31 N. Y. 285; O'Neil v. St. Olaff's School, 26 Minn. 329; McMurray v. Brown, 91 U. S. 266; Spofford v. True, 33 Me. 283; Langston v. Anderson, 69 Ga. 65; Trensch v. Shryrock, 51 Md. 173; Winslow v. Urquhart, 39 Wis. 260; Vreeland v. O'Neil, 36 N. J. Eq. 399; Sims v. Bradford, 12 Lea 434; Atwood v. Williams, 40 Me. 409; Ballou v. Black, 21 Neb. 147, 31 N. W. Rep. 673; Ainslie v. Kohn, 16 Or. 371, 19 Pac. Rep. 97; Lonkey v. Cook, 15 Nev. 58; Merritt v. Pearson, 58 Ind. 386; Railroad Co. v. Miller, 80 Va. 821; Jensen v. Brown, 2 Colo. 697; Hill v. Witmer, 2 Phila. 72; Henry & Coatsworth Co. v. Evans, 10 S. W. 872; Donchy v. Clapp, 12 Cush. 440; Atwood v. Williams, 40 Me. 409; White v. Miller, 18 Pa. St. 52; Boyle v. Mining Co., 9 N. M. 253; Davis v. Alford, 94 U. S. 547.

The statute requires that the notice of lien must be filed inside the limit or compass of sixty days after the completion of the building and not later, and the notice of lien may be filed before or after the completion of the building. Chavez v. Myers, 11 N. M. 342; Genest v. Bdg. Ass., 11 N. M. 251; Minor v. Marshall, 6 N. M. 197; Fynne v.

Metz v. Romero.

Hotel Co., 3 N. M. 256; Ford v. Springer Land Ass., 8 N. M. 47, 48; T. C. F. & N. Ry. Co. v. Orman, 3 N. M. 654; Davis v. Alford, 94 U. S. 545; Minor v. Marshall, 6 N. M. 197; Hobbs v. Spiegelberg, 3 N. M. 361; Davis v. Alford, 94 U. S. 24, 283; Flagstaff Silver Mining Co. v. Cullins, 104 U. S. 176, 36, 704; 27 Cyc. 22, 89, 90-92; Perry v. Brainard, 8 Pac. 882; Post v. Miles, 7 N. M. 322; Boyle v. Mining Co., 9 N. M. 253; French v. Powell, 68 Pac. 94; Bates v. Santa Barbara Co., 90 Cal. 543, 27 Pac. 438; Codlin v. County Commissioners, 9 N. M. 581; Ezek. 3 :24; Matt. 23 : 26; Chicago etc., Ry. Co. v. Eubanks, 32 Mo. App. Rep. 189; Sanborn v. Insurance Co., 16 Gray 448; Atherton v. Corliss, 101 Mass. 40; Young v. The Orpheus, 119 Mass. 179; Levert v. Reed, 54 Ala. 529; Jennings v. Russell, 9 So. Rep. 492; 30 A. & E. Enc. of Law, 2 ed. 893; Words and Phrases Judicially Defined, vol. 8, p. 7498; Rev. St. Ill., c. 82, sec. 31; Carey-Lombard Lumber Co. v. Fullenweider, 37 N. E. 899, 900, 150 Ill. 629; Merchants & Traders National Bank v. City of New York, 97 N. Y. 355, 361.

Including in the notice of lien the demand for extra work did no invalidate appellee's claim. Boyle v. Mining Co., 9 N. M. 251; Mountain Electric Co. v. Miles, 9 N. M. 517; Springer Land Ass. v. Ford, 168 U. S. 527.

Attorney's fees were properly allowed. 2 Enc. P. & P. 465, 486, and citations 492; Armijo v. Mountain Elec. Co., 11 N. M. 249; Wortman v. Kleinschmidt, 30 Pac. 280, 12 Mont. 316; Helena Steam Heating Co. v. Wells, 40 Pac. 78, 16 Mont. 65; Jewell v. McKay, 82 Cal. 144; McIntyre v. Trautner, 78 Cal. 489; Rapp v. Gold, 74 Cal. 532; Genest v. Las Vegas Bldg. Assn., 11 N. M. 271; Williams v. Liverpool, etc., Ins. Co., 5 A. & E. Ann. Cases, 405 and authorities cited

### OPINION OF THE COURT.

MECHEM, J.—The facts and legal questions involved in this case are practically the same as those in case No. 1249 (Joseph C. Baldridge, v. A. J. Morgan, et al.) and it was agreed that the opinion filed in the foregoing case should be decisive of each case.

The judgment of the District Court is therefore affirmed.

Justice Cooley did not participate in this decision.