This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                **NO. 30,538**

**MARIALUISA LINDSEY,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Frechette & Associates, P.C.
Todd Hotchkiss
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals her conviction for driving while intoxicated. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. As Defendant provides no new facts, authority, or argument that would persuade us that reversal is warranted, we affirm.

**Defendant's Right to An Independent Chemical Test**

Defendant contends that the metropolitan court erred in refusing to either suppress the results of her breath alcohol test or to dismiss the charge of driving while intoxicated based on a claimed violation of NMSA 1978, Section 66-8-109(B) (1993). [DS 11] In our notice of proposed summary disposition, we proposed to hold that there was no violation of Section 66-8-109(B) because the police in fact permitted Defendant to attempt to obtain an independent blood alcohol test, and she had simply been unable to find someone who could provide one. *See State v. Jones*, 1998-NMCA-076, ¶ 24, 125 N.M. 556, 964 P.2d 117 (stating that Section 66-8-109 "does not guarantee the arrestee an additional test will be performed, but only that the arrestee will be given a reasonable opportunity to arrange for an additional test").

In Defendant's memorandum in opposition, she argues that she was denied a reasonable opportunity to have someone of her own choosing draw and analyze her

blood sample because originally she contacted a technician from TriCore Laboratory who came to the station to take a sample, but was not permitted to perform the test because the Albuquerque Police Department had a contract with TriCore, and the Department apparently had a policy prohibiting Department contractors from performing independent chemical tests. [MIO 15-21] However, Defendant has not demonstrated that she preserved this argument for appeal. The issue was briefed on appeal to the district court, but this particular argument was never raised, and there is no indication that it was raised in the metropolitan court. [RP 130-32] Instead, Defendant's argument was that *Jones* failed to offer any direction about how a trial court (here, the metropolitan court), is to undertake the analysis of whether an opportunity was reasonable. [RP 131] Defendant's claim that the metropolitan court erred was that the metropolitan court "found only that Officer Mascarenas had provided [Defendant] with a phone book, but did not describe that factor, or that factor in combination with any other factors[,] with any further degree of particularity or analysis." [RP 131]

"In order to preserve an issue for appeal, it must appear that the appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *State v. Romero*, 2006-NMCA-045, ¶ 14, 139 N.M. 386, 133 P.3d 842 (internal quotation marks, citation, and alteration omitted), *aff'd*, 2007-NMSC-013, 141 N.M.

403, 156 P.3d 694. As Defendant does not assert that she preserved the argument she is making in her memorandum in opposition, and as it does not appear from the record that she did so, we decline to address this issue.

Furthermore, even if the issue had been preserved, we would nevertheless affirm because Defendant has not demonstrated that she was prejudiced by the failure to obtain an independent test. There was evidence presented at trial that Defendant was observed weaving in traffic and running a red light, she refused to get off of her cell phone when she was stopped and told to do so, her eyes were bloodshot and watery, she smelled strongly of alcohol, her speech was slurred, she swayed while standing, she could not follow all of the instructions during the field sobriety tests, she admitted to drinking four glasses of wine, and her breath alcohol tests each had readings of .12. [MIO 5-8, 10] Therefore, Defendant has not demonstrated that she likely would have obtained some other result at trial if she had had an independent blood test. *See Jones*, 1998-NMCA-076, ¶¶ 29-30 (holding that the defendant failed to establish prejudice based on the inability to obtain an independent test where the evidence that the defendant was "driving while intoxicated was considerable and was sufficient to convict him: he failed three separate field sobriety tests; his breath had a strong smell of alcohol; his speech was slurred; his eyes were watery and bloodshot; he admitted having two alcoholic drinks; and his breath alcohol content measured .17

4

on two separate tests”).

**Exclusion of Expert Testimony**

Defendant contends that the metropolitan court improperly excluded expert testimony regarding the scientific unreliability of breath alcohol tests and field sobriety tests, thereby denying Defendant of her right to present a defense. [DS 13] In our notice of proposed summary disposition, we proposed to hold that the metropolitan court did not err in excluding this testimony.

With respect to the expert's testimony about the breath alcohol tests, we stated that the breath alcohol test results in this case were admitted solely for the purpose of showing that Defendant had alcohol in her blood, not to show the amount of alcohol. *See State v. Pickett*, 2009-NMCA-077, ¶ 12, 146 N.M. 655, 213 P.3d 805 (stating that breath alcohol test results “are evidence that [the d]efendant had alcohol in his system and, regardless of the numerical BAC, tended to show that [the d]efendant's poor driving, as stated in the [trial] testimony, was ‘a result of drinking liquor[,]’” as defined under the statute). Therefore, we proposed to hold that the expert's testimony about the variability of the test results and testimony about retrograde extrapolation was not relevant. *See id.* ¶ 15. Defendant's memorandum in opposition does not address our analysis of this issue. Accordingly, we conclude that the metropolitan court did not err in refusing expert testimony regarding the breath alcohol tests. *See*

*Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *cf. Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993) ("Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice.").

With respect to the expert testimony about the unreliability of the field sobriety tests, we stated that the metropolitan court admitted the evidence of Defendant's behavior during the performance of these tests, not as scientific evidence, but as first-hand, lay observations about Defendant's lack of coordination, inability to follow instructions, and other signs of intoxication. [DS 4; RP 168-69] *See State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20 (indicating that most of the field sobriety tests are self-explanatory because they simply demonstrate common signs of intoxication of which a court may take judicial notice); *see also State v. Platter*, 66 N.M. 273, 276, 347 P.2d 166, 167-68 (1959) (stating that an officer could provide lay opinion testimony that he believed a driver was intoxicated, based on the driver's speech, acts, and walk); *Sanchez v. Wiley*, 1997-NMCA-105, ¶¶ 2,19, 124 N.M. 47, 946 P.2d 650 (stating that a seventeen year old could provide lay opinion testimony about a person's intoxication based on his previous perceptions and experience with

intoxicated people). Because the arresting officer's testimony about Defendant's behavior during the tests, as well as any opinion he may have offered that Defendant was intoxicated, was not based on scientific evidence, it required no particular level of scientific validity in order to be admitted. Therefore, we proposed to hold that Dr. LaGrange's expert testimony that the field sobriety tests lack scientific validity was of questionable relevancy, and we proposed to conclude that the metropolitan court did not abuse its discretion in excluding it.

In Defendant's memorandum in opposition, she argues that the field sobriety tests were designed to be scientific measurements of breath or blood alcohol content. She argues that because they were designed to be scientific, the metropolitan court erred in excluding Defendant's expert testimony that would have called into question their scientific validity. We are not persuaded. Even if the tests were designed to provide some sort of scientific measurement, this is not the purpose for which the metropolitan court admitted them. The metropolitan court simply admitted them as the officer's observations of various acts requiring physical coordination and basic mental skills. Accordingly, the metropolitan court did not err in excluding Defendant's expert testimony about the scientific unreliability of the field sobriety tests.

**Admission of Evidence of Defendant's Performance on the Field Sobriety Tests**

Defendant contends that the metropolitan court erred in admitting the arresting officer's testimony about the field sobriety tests as evidence of Defendant's impairment. [DS 14] Defendant argued that *State v. Lasworth*, 2002-NMCA-029, ¶ 16, 131 N.M. 739, 42 P.3d 844, indicates that the field sobriety tests are not designed to measure impairment. In our notice of proposed summary disposition, we proposed to hold that the metropolitan court did not err in admitting the evidence of Defendant's conduct during the tests because the tests generally examine commonly observable signs of intoxication, *see Torres*, 1999-NMSC-010, ¶ 31, and testimony about a defendant's performance on them may be based on the officer's observations as a lay witness. *See Pickett*, 2009-NMCA-077, ¶¶ 19-21 (indicating that when an officer testifies about aspects of a defendant's performance on field sobriety tests that demonstrate commonly recognizable signs of intoxication without reference to any specialized knowledge, his testimony is non-expert lay testimony).

We also proposed to hold that even if it was error to admit this evidence, the error was harmless because Defendant's trial was before a metropolitan court judge, not a jury, and we "presume that a judge is able to properly weigh the evidence, and thus [that] the erroneous admission of evidence . . . is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision." *Id.* ¶ 13 (internal quotation marks and citation omitted). Here, the metropolitan court

8

judge did not mention the field sobriety tests in her ruling, but instead referred only to the fact that Defendant had been observed weaving in and out of traffic, she continued to talk on her cell phone after the officer stopped her, she had bloodshot and watery eyes, she slurred her speech, and she had a strong odor of alcohol. [RP 172] Accordingly, we proposed to hold that even if it was error to admit any evidence that suggested that the field sobriety tests were reliable indicators of intoxication, such error was harmless. *See id.* ¶ 21 (holding that any error in the admission of that portion of an officer's testimony about "clues" of intoxication during field sobriety tests that might have suggested that the tests were reliable indicators of intoxication was harmless in a bench trial when the officer also testified about the defendant's behavior during the tests that would provide generally known evidence of intoxication).

In Defendant's memorandum in opposition, she argues that if evidence of Defendant's performance on the field sobriety tests was not admitted as scientific evidence of impairment, then it should have been excluded as irrelevant and more prejudicial than probative pursuant to Rules 11-401 and -403 NMRA. [MIO 24-25] She also argues that the error was not harmless because there was not substantial evidence to support the conviction in this case. [MIO 26-28]

Based on the evidence described in our discussion of Defendant's right to

obtain an independent blood test, we conclude that substantial evidence supported Defendant's conviction for driving while under the influence of alcohol in violation of NMSA 1978, Section 66-8-102(A) (2010). Furthermore, as we stated in our notice, there is nothing to suggest that the judge relied on the evidence of the field sobriety tests in finding Defendant guilty. Therefore, we need not address Defendant's arguments pursuant to Rule 11-401 and Rule 11-403 because even if there was any error in the admission of the evidence, the error was harmless.

Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**




_____
**CYNTHIA A. FRY, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**