OPINION WECHSLER, Judge. {1} NMSA 1978, Section 66-8-102(A) (2005) (amended 2008) provides that “[i]t is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state.” A person is under the influence of intoxicating liquor if “as a result of drinking liquor [the driver] was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to [the driver] and the public.” State v. Sanchez, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (alterations in original) (quoting UJI 14-4501 NMRA). “The foregoing standard has the shorthand nomenclature of ‘impaired to the slightest degree.’ ” State v. Neal, 2008-NMCA-008, ¶ 21, 143 N.M. 341, 176 P.3d 330, cert. denied, 2008-NMCERT-001, 143 N.M. 397, 176 P.3d 1129. {2} Defendant Lamont Pickett, Jr. appeals the judgment of the district court affirming his conviction in the metropolitan court of driving under the influence of intoxicating liquor (DWI) in violation of Section 66-8-102(A). He contends that the metropolitan court improperly admitted evidence of his blood alcohol content (BAC) results in violation of Rule 11-401 NMRA and Rule 11-403 NMRA because they were not relevant and because they were more prejudicial than probative as there was no evidence relating the BAC results back to the time of driving. He further contends that there was insufficient evidence to prove impairment beyond a reasonable doubt. We hold that the BAC results were relevant to demonstrate that Defendant had alcohol in his system and that their consideration by the metropolitan court judge was not improper. We further hold that substantial evidence supports Defendant’s conviction. We affirm. BACKGROUND {3} At Defendant’s bench trial in metropolitan court, the evidence showed that Defendant was stopped after Albuquerque Police Officer Richard Locke observed him weaving out of his lane, coming within a foot of colliding with another vehicle. Defendant pulled over in a lawful manner and provided his driver’s license, registration, and proof of insurance without difficulty. Officer Locke noticed an odor of alcohol and that Defendant had bloodshot, watery eyes. Defendant admitted that he had consumed alcohol. Officer Locke called Officer Bret White to continue the investigation because Officer Locke was going off duty. Defendant told Officer White that he had “two beers, maybe one,” and he agreed to take field sobriety tests. {4} Officer White testified that the first test he administered was the horizontal gaze nystagmus (HGN) test, during which Defendant continued to emit an odor of alcohol. Officer White did not testify as to the results of the HGN test or give an opinion as to whether Defendant had passed the test. During the one-leg-stand test, Defendant held his foot up for the required thirty seconds and did not hop, but he swayed and lifted his arms from his sides. These two factors were considered “clues” to Officer White in his evaluation of Defendant’s driving performance, with two “clues” being a significant number. During the instruction phase of the walk-and-turn test, Officer White had to explain the turn four times before Defendant said he understood. Defendant missed touching heel and toe on three of the first nine steps. After the first nine steps, Defendant again asked for an explanation of the turn. Upon being told to do it as it had been previously described by Officer White, however, Defendant performed the turn correctly. Defendant held his arms away from his body during the entire test. Officer White recorded five of eight possible “clues” during the walk-and-turn test. {5} Officer White placed Defendant under arrest and transported him to a police substation. After the required twenty-minute observation period, Officer White administered two breath tests on an Intoxilyzer 5000 machine. The first test indicated a BAC of .07. The second test, three minutes later, indicated a BAC of .08. {6} Defendant was charged under Section 66-8-102. The complaint did not distinguish between Section 66-8-102(A), the “impaired to the slightest degree” part of the statute, and Section 66-8-102(0), the “per se” part of the statute. The latter subsection makes it unlawful to drive with a BAC of .08 or more, whether or not impaired driving has been shown. The metropolitan court judge convicted Defendant under Section 66-8-102(A), stating, “I believe that given the State’s evidence, ... Defendant was impaired to the slightest degree, given the driving, the field sobriety test, and the breath score combined together.” The district court affirmed Defendant’s conviction on appeal. ADMISSION OF BAC RESULTS {7} Defendant challenges the admission of the BAC results under Rule 11-401 and Rule 11-403. We review a trial court’s evidentiary ruling under an abuse of discretion standard. State v. Martinez, 2007-NMSC-025, ¶ 7, 141 N.M. 713, 160 P.3d 894. {8} At trial in the metropolitan court, Defendant moved to exclude the breath card from the Intoxilyzer 5000 machine that showed Defendant’s BAC results of .07 and .08, arguing that no evidence had been presented extrapolating the BAC results back to the time of driving, as required by this Court’s then-recent decision in State v. Day, 2006-NMCA-124, 140 N.M. 544, 144 P.3d 103, rev’d, 2008-NMSC-007, 143 N.M. 359, 176 P.3d 1091. Defendant’s BAC was tested approximately forty-seven minutes after the stop. Defendant argued that in the absence of extrapolation evidence, the breath card was not relevant and was more prejudicial than probative. {9} In Day, the defendant was convicted of per se DWI under Section 66-8-102(C). Approximately one hour and six minutes after the defendant’s arrest, his BAC was .08, thus raising the question of whether it had been .08 at the time of driving. Day, 2006-NMCA-124, ¶ 2, 140 N.M. 544, 144 P.3d 103. We held, and our Supreme Court agreed (although reversing the result, 2008-NMSC-007, ¶ 26, 143 N.M. 359, 176 P.3d 1091), that in a per se DWI case, the state must prove the BAC at the time of driving through scientific retrograde extrapolation evidence. Day, 2006-NMCA-124, ¶¶ 26-28, 140 N.M. 544, 144 P.3d 103. We note that subsequent statutory amendment provides that it is unlawful to drive with a BAC of .08 or higher as measured “within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle.” Section 66-8-102(0(1). {10} Rule 11-402 NMRA declares relevant evidence to be admissible. Rule 11-401 defines relevant evidence as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable.” Rule 11-403 provides: “Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.” Defendant argues in this appeal that his BAC results were not a relevant consideration to his impairment under Section 66-8-102(A). He further argues that the admission of the evidence was highly prejudicial because the metropolitan court judge relied on the results in her guilty verdict. We do not agree. {11} We first note the limited applicability of Day to this case. Day was a per se case under Section 66-8-102(C). The BAC results were essential to the case. See Day, 2006-NMCA-124, ¶¶ 28-29, 140 N.M. 544, 144 P.3d 103. Although the time of driving is also relevant under the language of Section 66 — 8—102(A), only impairment, not any particular BAC, need be shown. In this case, the metropolitan court found that the State did not prove a per se case apparently because of the absence of relation back evidence. {12} However, to prove a Section 66-8-102(A) violation, the State needed to prove that Defendant “was less able to the slightest degree” to drive “as a result of drinking liquor.” Sanchez, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (internal quotation marks and citation omitted). The BAC results are evidence that Defendant had alcohol in his system and, regardless of the numerical BAC, tended to show that Defendant’s poor driving, as stated in the testimony, was “a result of drinking liquor.” Cf. State v. Montoya, 2005-NMCA-078, ¶21, 137 N.M. 713, 114 P.3d 393 (stating that evidence of alcohol in the defendant’s system four hours after an accident was relevant evidence in a vehicular homicide case). The BAC results were relevant evidence. {13} Defendant argues that the BAC results were so prejudicial as to require the metropolitan court to exclude them under the balancing test of Rule 11-403 and that the judge improperly used the BAC results in her conclusion that Defendant was impaired to the slightest degree. We disagree. The balancing test of Rule 11-403 is designed to enable a trial judge to act as a gatekeeper to insulate the jury from prejudice and confusion. There was no jury in this case. Moreover, when admissibility of evidence is challenged at a bench trial, we generally “presume that a judge is able to properly weigh the evidence, and thus the erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision.” State v. Hernandez, 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156. {14} The metropolitan court judge considered all of the evidence combined together, including the BAC results. As a consequence, it could be argued that the metropolitan court judge was prejudiced by that evidence. Yet, she was entitled to consider the BAC results insofar as they were relevant as evidence of alcohol in Defendant’s system that would indicate that Defendant’s poor driving was due to his consumption of liquor. The dissent stresses that the metropolitan court judge did not state that she relied on the BAC results to conclude that Defendant had consumed alcohol and further asserts that the presence of alcohol in Defendant’s system was not an issue in this case, in part because Defendant had admitted to drinking. However, the metropolitan court judge did not specify that she relied on Defendant’s statements about consuming alcohol. She based her finding of guilt on three express aspects of the State’s evidence: Defendant’s driving, the field sobriety tests, and the BAC results. Of these, only the BAC results directly indicate Defendant’s consumption of alcohol. {15} While the metropolitan court judge was not permitted to relate the BAC results back to the time of driving to find a particular level of blood alcohol at that time, she did not do so. Indeed, the metropolitan court judge specifically found that there was no per se violation. Therefore, even though the metropolitan court judge considered the BAC results along with the other evidence, there is no indication that she “must have” considered the BAC results in an inappropriate way. See id. The metropolitan court judge did not abuse her discretion in admitting the BAC results because she did not inappropriately use the results in her ruling. Cf. Montoya, 2005-NMCA-078, ¶¶ 18, 21-22, 137 N.M. 713, 114 P.3d 393 (expressing concern in a vehicular homicide case that a jury would improperly use a BAC score that had been taken four hours after the accident and, therefore, only allowing evidence that the defendant had some amount of alcohol in his blood). SUFFICIENCY OF THE EVIDENCE {16} Defendant also makes several arguments concerning the sufficiency of the evidence. “[T]he test to determine the sufficiency of evidence in New Mexico ... is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction.” State v. Sutphin, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). “Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” State v. Wildgrube, 2003-NMCA-108, ¶3, 134 N.M. 262, 75 P.3d 862 (internal quotation marks and citation omitted). {17} To convict Defendant, the State needed to prove that as a result of Defendant drinking alcohol, he “was less able to the slightest degree” to safely handle a vehicle. Sanchez, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (internal quotation marks and citation omitted). Officer Locke testified that Defendant was driving. His testimony that he saw Defendant weave out of his lane and come within a foot of colliding with another vehicle provided evidence that Defendant “was less able to the slightest degree ... to exercise the clear judgment and steady hand necessary to handle a vehicle with safety.” Id. (internal quotation marks and citation omitted). The breath tests, without any attributed numerical result, showed that Defendant had alcohol in his system. See Montoya, 2005-NMCA-078, ¶ 18, 137 N.M. 713, 114 P.3d 393. Although not included in the metropolitan court judge’s ruling, additional evidence that Defendant’s poor driving was a result of drinking liquor included testimony that he had admitted drinking beer and Officer Locke had noticed an odor of alcohol when he stopped Defendant. {18} Defendant argues that inconsistencies between the testimonies of Officer Locke, Officer White, and Defendant’s passenger undermine Officer Locke’s testimony. However, in making this argument, Defendant is asking us to re-weigh the evidence and resolve the inconsistencies in his favor. On appellate review, we may not weigh the evidence or substitute our judgement for that of the factfinder. Sutphin, 107 N.M. at 131, 753 P.2d at 1319. We view the evidence in the light most favorable to the prevailing party, resolving all conflicts in favor of the verdict. Id. {19} Defendant also argues that Officer White’s testimony about the field sobriety tests was “lay testimony cloaked in scientific terminology” and thus not evidence supporting Defendant’s conviction. This argument is based on Officer White’s purportedly having impermissibly testified, without being qualified as an expert, beyond that which is allowed by Rule 11-701 NMRA. We note that Defendant does not argue that the metropolitan court should not have allowed the testimony, presumably because he did not object to the testimony when it was offered. Because the State does not argue lack of preservation, we turn to Defendant’s argument. {20} Rule 11-701 provides: If the witness is not testifying as an expert, the witness’s testimony in the form of opinions or inferences is limited to those opinions or inferences which are A. rationally based on the perception of the witness, B. helpful to a clear understanding of the witness’s testimony or the determination of a fact in issue, and C. not based on scientific, technical or other specialized knowledge within the scope of Rule 11-702 NMRA. Defendant asserts that Officer White’s references to “clues” as indicated by his observation of the tests goes beyond what a “normal person” would use to form an opinion on whether a driver was impaired by alcohol. See State v. Luna, 92 N.M. 680, 684-85, 594 P.2d 340, 344-45 (Ct.App.1979) (stating that “[t]he requirement of a rational basis is satisfied if the opinion or inference is one which a normal person would form on the basis of the observed facts”). {21} Officer WTiite’s testimony, however, included both information a normal person would not likely be qualified to use in forming an opinion as well as information a normal person would so use. In addition to testimony about the number of “clues” Defendant exhibited in performing the one-leg-stand test and the walk-and-turn test, Officer White also testified as to specific observations he made that might lead a normal person to believe a driver was intoxicated. The latter included Defendant’s swaying and failing to keep his arms at his side as instructed during the one-leg-stand test and, during the walk-and-turn test, moving his foot to the side for balance, failing to touch heel to toe on several steps, holding his arms away from his side, and requesting that the instructions for the turn be repeated several times. Again, we presume that the judge in a bench trial is able to properly weigh the evidence and that erroneous admission of evidence is harmless “unless it appears that the judge must have relied upon the improper evidence in rendering a decision.” Hernandez, 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156. Given the balance problems Defendant exhibited during the tests and his difficulty in following instructions, Officer White’s testimony about the number of “clues” Defendant exhibited during the tests, even if erroneously admitted, was not essential to the judge’s ruling. {22} Finally, Defendant’s performance on the tests was only one of the three bases recited by the metropolitan court judge for her ruling that Defendant was impaired, and she specified that she based her ruling on the three factors “combined together.” Thus, even if we were to agree that the three types of evidence, if considered individually, might not support a finding of guilt beyond a reasonable doubt, we conclude that the totality of the evidence was sufficient to convict Defendant. CONCLUSION {23} We affirm Defendant’s conviction. {24} IT IS SO ORDERED. I CONCUR: CYNTHIA A. FRY, Chief Judge. MICHAEL E. VIGIL, Judge (dissenting).