This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                    **No. 28,937**

**TYRON BROOKS,**

    Defendants-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Francine A. Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Tyron Brooks was convicted of larceny over $500 for taking milking stalls from a nonoperational dairy farm. He was stopped for a traffic violation, and the stalls were on a trailer he was pulling. On appeal, Defendant asserts: (1) error because an erroneous instruction on market value "resulted in the essential elements of larceny being taken away from [the jury's] determination"; (2) insufficient evidence of the value of the stalls; (3) insufficient evidence of the requisite criminal intent; and (4) abuse of discretion in permitting evidence of other suspected crimes of larceny that were not charged.

**The Erroneous Instruction Issue**

We review de novo the propriety of a jury instruction given or denied. *State v. Salazar*, 1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996. The crime of larceny of which Defendant was convicted required proof that the stalls exceeded a market value of $500. The instruction the court indicated it would give on market value stated, "'Market value' means the price at which the property could ordinarily be bought and sold at the time of the alleged receiving stolen property," and Defendant objected because the alleged crime was stated as receiving stolen property instead of larceny, and because of the use of the word "stolen." The court agreed to revise the instruction. The court read a revised jury instruction to the jury, using "alleged larceny" and not "alleged receiving stolen property." However, the revision was not

made in the written instruction given to the jury—that instruction still used the words, "alleged receiving stolen property."

The jury was given a written instruction on the elements of larceny. The instruction stated that for the jury to find Defendant guilty of larceny the State was required to prove beyond a reasonable doubt that Defendant "took and carried away four . . . milking stalls belonging to another," and "intended to permanently deprive the owner of it." The instructions are to be considered as a whole. *State v. Parish*, 118 N.M. 39, 41, 878 P.2d 988, 990 (1994). Under the circumstances, we do not believe that a reasonable juror would have been confused or misdirected. The larceny instruction set out the elements that the State had to prove. We think it is unlikely that the jury would have been confused or misdirected into thinking that it was predetermined and that they were to assume Defendant had stolen the stalls. Further, there was no question in this case that Defendant "took and carried" the stalls belonging to another. There was no evidence or issue relating to whether Defendant received goods already stolen. Defendant points to nothing other than the market-value instruction from which jury confusion or misdirection occurred or was likely. The evidence and the manner in which this case was presented to the jury give us no indication that the jury would have reached its verdict based on Defendant having received stolen goods or that it was predetermined that Defendant had stolen the stalls.

For the foregoing reasons, we reject Defendant's contention that the written market-value instruction constituted reversible error.

**The Sufficiency of Evidence of Value**

Defendant asserts that the State failed to provide proof of the current value, age, and condition of the stalls, and therefore, its proof was not sufficient to convict Defendant of larceny beyond a reasonable doubt. We review for sufficiency of the evidence, that is, "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Pickett*, 2009-NMCA-077, ¶ 16, 146 N.M. 655, 213 P.3d 805 (internal quotation marks and citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted), *cert. denied*, 2009-NMCERT-006, 146 N.M. 734, 215 P.3d 43. We view the evidence in the light most favorable to the State and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891 (internal quotation marks and citation omitted). We will not reweigh the evidence or substitute our judgment for that of the fact finder as long as there is sufficient evidence to support the verdict. *State v. Marquez*, 2009-NMSC-055, ¶ 17, 147 N.M. 386, 223 P.3d 931.

The owner of the stalls testified that the stalls were constructed of stainless steel, which would prevent rusting, and that they would last for "years and years and years," and "unless they're torn up, they last forever." He testified that the stalls were worth $450 each in the early 1990s when he operated the dairy farm. Further, although the stalls probably could not be currently sold as milking stalls, they could be sold as horse feeders or feeders for individual animals. He first estimated that each stall would be worth between $100 and $300 depending on how extensively they were fixed up to make them into a feeder. Later he testified that if he were to run a Thrifty Nickel ad he would sell the stalls for $350 a stall "as is" to individuals who have horses and like to have one feeder per animal.

The larceny charge was based on a total value of the four stalls, and the owner's testimony was sufficient to support a value of over $500 for the four stalls. Owners can testify concerning the value of their personal property. *State v. Hughes*, 108 N.M. 143, 145-46, 767 P.2d 382, 384-85 (Ct. App. 1988). Inconsistencies in testimony are for the jury to resolve. *Marquez*, 2009-NMSC-055, ¶ 17. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational finder of fact could have found, beyond a reasonable doubt, that the essential elements existed to support its determination of a value in excess of $500.

**The Sufficiency of Evidence of Intent**

Defendant argues that the evidence was insufficient to prove, beyond a reasonable doubt, that he had specific intent to permanently deprive the owner of the property, because Defendant thought the property was abandoned, and he could not have intended to deprive anyone of it. We review this issue under the substantial evidence standard set out earlier in this opinion.

The jury was instructed pursuant to UJI 14-1601 NMRA and UJI 14-141 NMRA in regard to intent. Although there was evidence that indicated the property appeared to have been abandoned, there was also evidence showing that it was apparent that the property had an owner and that Defendant had been informed of the name of the owner. Further, a milking barn, corrals, and equipment were on the property. "Whether the defendant acted intentionally may be inferred from all of the surrounding circumstances, such as the manner in which he acts, the means used, . . . his conduct[,] []and any statements made by him[]." UJI 14-141. Based on the circumstances, and indulging all inferences in favor of the verdict, we are unable to hold that the evidence was insufficient for a reasonable jury to find beyond a reasonable doubt that Defendant intended to permanently deprive the owner of the stalls.

**The Abuse of Discretion on an Evidentiary Ruling Issue**

Defendant contends that the court abused its discretion in admitting testimony that could indicate he had not only stolen the stalls, but had also stolen "other 'expensive' items" and some radiators, arguing that "[t]his evidence was highly prejudicial, because it suggested that [Defendant] was involved in another crime of the same type for which he was on trial." Defendant contends on appeal that he made and preserved an objection based on Rule 11-404(B) NMRA relating to evidence of other crimes, wrongs, or acts. We review the admission of evidence for abuse of discretion. *State v. Flores*, 2010-NMSC-002, ¶ 25, 147 N.M. 542, 226 P.3d 641.

The pertinent testimony and the objection to it were as follows:

Prosecutor: How many stalls were missing?

[Owner]: I believe there was six. That was just the stalls. That wasn't the other items.

Prosecutor: Ok.

Defense counsel: Objection.

Court: State your objection.

Defense counsel: Prejudicial. May I approach?

A five-second bench conference was as follows:

Court: I think he's listing the other items.

Defense: He has stolen only the stalls in this case.

7

Court:  Right, but I think it's already been referenced through other things in the vehicle.

The court overruled the objection and immediately instructed the jury, "You'll get instructions about what you have to decide related to today's case; and today's case is just about larceny of the . . . milking stalls."  The prosecutor then asked the owner whether he recovered the items, to which the owner answered, "[w]e got some radiators and those milking stalls back."  Defense counsel did not object to the later question or answer.  Nor did defense counsel object to the owner's volunteered testimony that the other items were "expensive."

The State argues that Defendant failed to preserve a Rule 11-404(B) objection and instead preserved an objection, if any, only under Rule 11-403 NMRA, and only to the first question as to how many stalls were missing and the answer to that question.  We agree with the State.  Defense counsel's objection was solely that the answer to the question was "prejudicial."  Nothing in the record of the trial indicates that defense counsel explained or particularized his objection.  He cited no rule.

That said, however, were we to determine the preservation issue otherwise, we would hold that the court did not abuse its discretion.  There had already been evidence regarding other items in the trailer.  A deputy testified that he saw some radiators and various items of metal scrap on the trailer.  Further, given that defense counsel's objection was limited solely to "prejudicial," the court's curative instruction

8

that the case was just about larceny of the stalls, was sufficient to protect against undue prejudice. *See State v. Vialpando*, 93 N.M. 289, 297, 599 P.2d 1086, 1094 (Ct. App. 1979) ("[A] prompt admonition from the court to the jury to disregard and not consider inadmissible evidence sufficiently cures any prejudicial effect which otherwise might result."). In addition, nothing has been pointed out to us that indicates the jury's verdict of larceny of the stalls was likely based in any respect on the evidence that Defendant also had one or more items that were returned to Defendant or that the value of the other items was used by the jury to bring the market value of the stalls over $500. Nor is there any indication that the jury believed the stalls' value was under $500 but that Defendant should nevertheless be convicted simply because he also may have committed larceny of other items.

Defendant represents, with no record support, that defense counsel's objection was that the owner's testimony in regard to "a car radiator" and "other items" was "irrelevant." We see no such objection in the record. The record shows only an objection of "prejudicial." At most, this objection indicates that Defendant was objecting on the Rule 11-403 ground that the "probative value" of the evidence was "substantially outweighed by the danger of unfair prejudice," an objection that assumes the evidence is relevant. Defendant nevertheless argues on appeal that the

evidence was not relevant and was therefore inadmissible, citing Rules 11-401 and 11-402 NMRA. We see no viable basis on which to consider this unpreserved argument.

**CONCLUSION**

We affirm.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**ROBERT E. ROBLES, Judge**


_____
**LINDA M. VANZI, Judge**