This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        **NO. 33,233**

**CARLOS C.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Child appeals from the district court's adjudicating him delinquent for having committed shoplifting under $250. We issued a notice of proposed summary disposition, proposing to affirm. Child has filed a memorandum in opposition to our notice. We have considered Child's response and remain unpersuaded that the district court erred. Thus, we affirm.

{2}    On appeal, Child argues that the State committed discovery abuse and that the case against him should be dismissed. [MIO 4-10] Child also argues that insufficient evidence was presented. [MIO 10-12]

**Lost Evidence**

{3}    In response to our notice, Child contends that the circumstances meet the four-factor test for determining whether a discovery violation constitutes reversible error. [MIO 5] Regardless of the particular iteration of the test for lost evidence, our case law is clear that "[w]hen evidence is lost in a way that does not involve bad faith, the defendant bears the burden of showing materiality and prejudice before sanctions are appropriate." *State v. Pacheco*, 2008-NMCA-131, ¶ 30, 145 N.M. 40, 193 P.3d 587. There is no indication in the current case that the undisclosed evidence involved any bad faith. As for materiality and prejudice, Child contends that the video surveillance tape, the merchandise, and the receipts and tags for the merchandise constituted material evidence and that their absence prejudiced Child's defense because it

deprived him of the opportunity to examine the basis for the officers' testimony and impeach their testimony with possible inconsistencies. [MIO 8-9] We are not persuaded.

{4}    Significantly, we observe that Child's case was tried before a judge, not a jury. In a bench trial, the judge is presumed to properly weigh the evidence; thus, the erroneous admission of evidence is deemed harmless unless the circumstances indicate that the judge must have relied on that evidence. *See State v. Pickett*, 2009-NMCA-077, ¶ 13, 146 N.M. 655, 213 P.3d 805. In the current case, the judge expressly ruled that the outcome would have been the same even if the State had disclosed the information, assuming the State had not fulfilled its duty of disclosure. [DS unpaginated 6] It appears to us that inherent in the district court ruling is the determination that, even with the loss of the videotape and excluding any improper testimony based solely on the lost evidence, the evidence presented through the eye witness testimony of Mr. Bentley–the loss-prevention officer at K-Mart, who observed Child's approximate two-hour-visit to the store through the in-store camera and chased Child as he fled from the officer and the store–presented overwhelming evidence of guilt. We see no abuse of discretion.

{5}    Specifically, we fail to see how the merchandise itself would have contributed to Child's defense, and Child makes no argument about its significance. *See, e.g.*,

*Pacheco*, ¶¶ 31-32 (holding that the lost packages of methamphetamine did not prejudice the defendant where there was no defense argument about how they could have been used to undercut the prosecution's case or how they were material to the defendant's guilt or innocence; and the defense engaged in a lengthy cross-examination of the State's witnesses about the loss of evidence, and argued the significance of their absence to the jury). As for the surveillance video, Child's alleged prejudice is purely speculative, and the district court considered all the arguments about the missing video when weighing the prejudice to Child. Given the observations of the eye witness in real time, we conclude that the district court's denial of the drastic remedy of dismissal was not an abuse of discretion.

**Sufficiency of the Evidence**

{6}     Our notice detailed the appropriate standard of review and the evidence presented to support Child's conviction, and surmised about the possible challenges Child intended to assert against the sufficiency of the evidence. We proposed to conclude that the evidence was sufficient. We do not repeat that analysis here. Child does not present us with any new factual or legal argument to persuade us that our analysis was incorrect. Thus, for the reasons stated in our notice, we hold that the evidence was sufficient.

4

{7}    Based on the foregoing, we affirm the district court's judgment, disposition, and commitment of Child with regard to shoplifting.

{8}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL , Judge**

_____
**TIMOTHY L. GARCIA, Judge**