This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                          **NO.   33,206**

**NELSON ARAUJO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina Pete Argyres, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}    Nelson Araujo (Defendant) appeals from an on-the-record district court judgment affirming his metropolitan court conviction for driving while intoxicated (slightest degree). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}    Defendant continues to challenge the sufficiency of the evidence to support his conviction. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then, the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

{3}    In order to convict Defendant of DWI, the evidence had to show that he was under the influence of intoxicating liquor while operating a motor vehicle and that this affected his ability to operate the vehicle to at least the slightest degree. NMSA 1978, § 66-8-102(A) (2010); UJI 14-4501 NMRA. Our calendar notice proposed to hold that the facts that were set forth in the docketing statement indicated that the State

presented sufficient evidence to support the conviction. Specifically, the officer stopped Defendant's vehicle after observing it drift across the lane three times. [DS 1] After the officer stopped Defendant, the officer noticed an odor of alcohol emanating from the vehicle. [DS 3] The officer noticed that Defendant had thick, slurred speech and bloodshot watery eyes. [DS 3] He admitted to drinking. [DS 3] Defendant had difficulty with the field sobriety tests. [DS 4-6] The district court rejected the breath test results for purposes of the per se DWI alternative because of possible concerns with the twenty-minute deprivation period, [DS 13] but convicted Defendant under the "slightest degree" alternative. [DS 13]

{4} In his memorandum in opposition, Defendant argues that the facts set forth above do not necessarily indicate impairment, and he offers alternative explanations. [MIO 15-17] However, as indicated above, our standard of review defers to the factfinder's reasonable inferences that can be derived from these basic facts, including the determination that they are consistent with impairment.

{5} Defendant also maintains that the judge improperly relied on the BAC results. [MIO 17] The judge rejected the BAC test results under the per se alternative because of perceived problems with the twenty-minute deprivation period, but noted that they were inconsistent with Defendant's claim that he only drank one or two beers. [MIO 17] The judge was able to rely on the BAC tests for purposes of rejecting Defendant's credibility and for observing that they were consistent with the other evidence. *See*

3

*State v. Pickett*, 2009-NMCA-077, ¶ 15, 146 N.M. 655, 213 P.3d 805 (affirming the consideration of BAC tests results that had been rejected for purposes of per se violation in looking at overall evidence of "slightest degree" evidence).

{6}   In light of the above, we conclude that there was sufficient evidence presented to support Defendant's DWI conviction.  *See, e.g.*, *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech); *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated).

{7}   For the reasons set forth above, we affirm.

{8}   **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**

4

_____
**MICHAEL E. VIGIL, Judge**


_____
**J. MILES HANISEE, Judge**