This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v. **No. 34,559**

**TYLER THOMPSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Ben Ortega
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1} Defendant-Appellant Tyler Thompson (Defendant) has appealed from a conviction for DWI. We issued a notice of proposed summary disposition, proposing

to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}    Defendant has challenged the admission of the arresting officer's testimony concerning his performance on field sobriety tests. [DS 4,6; MIO 3-6] Specifically, Defendant contends that this is not the proper subject of lay opinion testimony; rather, the admission of such evidence should have been predicated upon qualification of the officer as an expert. [MIO 3-6] We remain unpersuaded.

{3}    As we observed in the notice of proposed summary disposition, insofar as the officer's testimony about Defendant's poor performance on the field sobriety tests described commonly understood indicia of intoxication such as swaying, lack of balance, and failure to follow instruction, [RP 116-18, 123] his testimony was clearly admissible. *See State v. Pickett*, 2009-NMCA-077, ¶¶ 19-21, 146 N.M. 655, 213 P.3d 805 (arriving at a similar conclusion under similar circumstances).Contrary to Defendant's suggestion, [MIO 3] the fact that the officer had training and experience with DWI investigations does not transform his ensuing testimony about commonly understood indicia of impairment into unqualified expert opinion. [MIO 3]

{4}    Defendant also continues to argue that the prosecutor's questions prefaced with "what are you looking for" were improper, insofar as they suggested that the field sobriety tests yielded scientific clues that correlate with impairment. [DS 5; MIO 3-4] We remain unpersuaded. Again, insofar as the questions elicited commonly-

understood indicia of impairment, impermissible "scientific" subject matter was not presented. *See generally State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20 (observing that "most of the field sobriety tests are self-explanatory," and that notice may be taken of "commonly understood signs of intoxication" such as "slurred speech or bloodshot eyes"). The officer did not quantify his observations by correlating Defendant's performance on the field sobriety tests with BAC. [RP 123] *Contrast State v. Marquez*, 2009-NMSC-055, ¶¶ 18, 23, 147 N.M. 386, 223 P.3d 931 (observing that testimony which correlated a defendant's performance on field sobriety tests, including HGN, with a specific statistical probability of a BAC at or above the legal limit, was scientific and could only be presented through expert testimony after laying a proper foundation), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37, n.6, 275 P.3d 110. Under such circumstances, it was not incumbent upon the State to qualify the officer as an expert witness.

{5} Finally, Defendant renews his challenge to the propriety of the officer's expression of opinion about his intoxication. [MIO 4-5] However, "opinion is not objectionable just because it embraces an ultimate issue." Rule 11704 NMRA. Contrary to Defendant's suggestion, [MIO 4-5] such opinions may be expressed by non-experts. *See, e.g., State v. Privett*, 1986-NMSC-025, ¶¶ 11, 14, 20, 104 N.M. 79, 717 P.2d 55 (illustrating admissibility of lay opinion concerning a defendant's apparent intoxication,

2

and observing that "it is well recognized that laymen are capable of assessing the effects of intoxication as a matter within their common knowledge and experience"); *Sanchez v. Wiley*, 1997-NMCA-105, ¶ 19, 124 N.M. 47, 946 P.2d 650 (upholding the admission of a teenager's lay opinion about whether the defendant was driving under the influence of alcohol). Rule 11-701 NMRA provides that opinion testimony by lay witnesses must be rationally based on their perceptions, helpful to clearly understanding their testimony or determining a fact in issue, and not based on scientific, technical or other specialized knowledge. The opinion expressed by the officer in this case meets these requirements.

{6}	Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{7}	**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**