This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v. No. 35,045

JEROME JOHN,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
John A. Dean Jr., District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

MEMORANDUM OPINION

SUTIN, Judge.

{1} Defendant appeals from a district court judgment entered after a jury found him guilty of driving while intoxicated (DWI) (slightest degree). We issued a calendar notice proposing to affirm and to remand for correction of the clerical error described in the calendar notice. Defendant has responded with a memorandum in opposition. We affirm the conviction and remand for correction of the clerical error.

{2} Defendant continues to challenge the sufficiency of the evidence to support his conviction for DWI. [MIO 4] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then, the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

{3} In order to convict Defendant of DWI, the evidence had to show that Defendant was under the influence of intoxicating liquor while operating a motor vehicle and that this affected his ability to operate the vehicle to at least the slightest degree. [RP 111] *See* UJI 14-4501 NMRA. Defendant's memorandum in opposition does not persuade us that our calendar notice, which relied on the facts as set forth in the docketing statement, was wrong with respect to the sufficiency issue. Specifically,

2

the arresting officer testified that he was dispatched to a gas station in reference to Defendant's vehicle. [DS 2] Defendant was in the process of parking when the officer arrived, and Defendant was sitting in the driver's seat, with three passengers in the vehicle. [DS 2] The officer approached Defendant's vehicle and observed Defendant to have bloodshot, watery eyes. [RP 89] There was an empty bottle in the vehicle. [RP 89] Defendant admitted to drinking and driving the vehicle to that location. [DS 2; RP 89] Defendant performed poorly on the walk-and-turn field sobriety test and declined to perform the one-leg-stand test. [DS 2] Because he refused to take a breath test, Defendant's blood was drawn a little over three hours after the officer first came into contact with him. [DS 2-3] The result was a breath alcohol content (BAC) of .24, three times the legal limit. [RP 92] In light of this evidence, we believe that there was sufficient evidence presented to support Defendant's DWI conviction. *See, e.g.*, *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot and watery eyes, smelled of alcohol, and slurred speech); *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol,

3

failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated).

{4}     Defendant continues to maintain that the BAC test results should not have been considered in the absence of expert relation-back testimony. [MIO 6] However, this Court has held that such testimony is unnecessary in a "slightest degree" case, as opposed to a "per se" case. *See State v. Pickett*, 2009-NMCA-077, ¶ 15, 146 N.M. 655, 213 P.3d 805 (affirming the consideration of BAC test results that had been rejected for purposes of per se violation in looking at overall evidence of "slightest degree" evidence).

{5}     Finally, as we observed in our calendar notice, the amended judgment states that Defendant was convicted under NMSA 1978, Section 66-8-102(C)(1) (2010), the "per se" DWI alternative. [RP 136] However, the jury was only instructed on the "slightest degree" alternative set forth in Section 66-8-102(A) and UJI 14-4501. [RP 111, 127] The district court refused the State's requested "per se" instruction. [RP 121] Accordingly, we affirm Defendant's conviction and remand to the district court to substitute in its judgment the reference to Section 66-8-102(C)(1) with a reference to Section 66-8-102(A).

{6}     **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**