This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LEON ALFORD and**
**SANDRA ALFORD,**

   Petitioners-Appellants,

v.                                                             **NO. A-1-CA-35652**

**D. CHIPMAN VENIE d/b/a**
**FREEDOM LAW CENTER,**

   Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Grayson Law Office, LLC
Brian G. Grayson
Albuquerque, NM

for Appellants

D. Chipman Venie
Rio Rancho, NM

Pro Se Appellee

## MEMORANDUM OPINION

**FRENCH, Judge.**

{1}     This appeal, a fee dispute between D. Chipman Venie and Leon and Sandra Alford (Mr. and Mrs. Alford, collectively, the Alfords), stems from a contract for legal services rendered by Venie who was representing Mr. Alford in a criminal matter. The jury returned a verdict in favor of Venie. On appeal, the Alfords argue that the district court abused its discretion by admitting testimony concerning the nature of the criminal charges, Mr. Alford's purported commission and admission to them, and Mrs. Alford's fraudulent complicity in the alleged crimes. We address the Alfords' evidentiary claim and reverse.

**BACKGROUND**

{2}     In response to the Alfords' petition for accounting of money, services, property, and other assets, Venie filed an answer and counterclaim for breach of contract and quantum meruit, all related to his legal representation of Mr. Alford in the criminal cases. Venie described the case as a "garden-variety fee dispute." Subsequent to the Alfords' filing of their petition and withdrawal of their counsel, the Alfords proceeded pro se. Prior to trial on the fee dispute, the district court dismissed the Alfords' petition but allowed Venie's counterclaim to proceed to trial.

{3}     Before commencement of the jury trial on the contract dispute, the Alfords filed a motion in limine seeking to prevent Venie from revealing "the nature of the criminal

charges against [Mr.] Alford that . . . Venie defended [Mr. Alford] on." The motion further stated:

1.    [Mr. Alford] was acquitted by a jury of all wrong-doing;

2.    That the nature of the charges against [Mr. Alford], from which he was completely exonerated, are such that they would prejudice the jury against him;

3.    The issues in this case are simply that . . . Venie has been paid in full pursuant to a [f]ee [a]greement and that he is entitled to no additional money from [the Alfords];

4.    The charges which . . . Venie defended [Mr.] Alford on are not an issue in this case[;]

5.    The [Alfords] have made no claim that . . . Venie did not perform his job as defense counsel.

WHEREFORE [the Alfords] would respectfully request that . . . Venie be instructed by the Court not to mention the nature of the charges to the jury, including in all aspects of the trial such as voir dire, opening, testimony or closing.

{4}    The district court orally ruled on the motion in limine prior to voir dire. In granting the motion, the district court addressed Venie's assertion that the nature of the crimes and Mr. Alford's culpable admissions to him were admissible in the fee dispute: "I'm still not convinced that it's relevant, and plus I've got concerns on the prejudice aspect." The district court further stated, "I've made a ruling that [Venie's] not going to go into it, and he isn't going to go into it anyway in the voir dire. I mean, I don't want [the criminal allegations] argued on the merits. . . . [I]f we get to the point

3

where . . . Venie wants to let it in—because, I mean, even if he wants to let it in, I want to hear the foundation testimony before we get there."

{5}     During opening statements Venie stated, "That's [Mr.] Alford, child molester, sex predator. That's his wife, [Mrs. Alford, who] covered up for him for 50 years." Venie further stated that Mr. Alford's daughter believed him to be a "child molester" and listed the crimes that Mr. Alford had been charged with. "[T]hey hired me to defend [Mr.] Alford in an incest case, . . . [for] having sex with [his] own granddaughter[.]" Venie stated that Mr. Alford "tried to kill witnesses" and that he "choked" Mrs. Alford when she "brought up his sexual predations" for "what he had done to her granddaughter." Venie also stated that he represented Mr. Alford for "forcible rape, forcible sodomy on children, [and] kidnapping[.]" Concerned that Venie had placed an "awful lot of emphasis on guilt[,]" the district court cautioned Venie that he did not "want to declare a mistrial in [the] case."

{6}     Prior to Venie calling his first witness, Mrs. Alford, the district court again cautioned Venie that he had not changed his prior ruling and that he would not allow him to go into details "related to the admission [of Mr. Alford to Venie of his guilt] at this point." Venie inquired of Mrs. Alford if there were "[t]hree counts of having sex with your granddaughter," and "[i]ncest with your granddaughter[?]" Despite the district court's warning relative to Mr. Alford's attorney-client statement to Venie, he

asked the following question: "To your knowledge, did [Mr.] Alford ever tell me that he had raped your granddaughter? Because that's the truth. So to your knowledge, did [Mr.] Alford ever tell me . . . that he raped your granddaughter?" At the immediate bench conference that followed, the district court stated, "This is asking for me to declare a mistrial. . . . [Y]ou are still getting it out—was there . . . an admission to . . . committing a crime or crimes[?] . . . I think that coming in . . . is very prejudicial[.]" The district court then cautioned Venie that this was a contract case.

{7}     Prior to Venie calling Mr. Alford as a witness, the district court cautioned: "[H]ere's what we're going to do: I have made the orders, and I don't want . . . a bunch of questioning that does refer to them as child molester[s.] . . . Because we are talking about breach of contract . . . and I want to stay focused on the contract[.] . . . I don't want references to child molester . . . and I don't want it done in an inferential manner either[.]" Further, the district court cautioned, "I don't want this to degenerate into name calling and . . . going beyond the pale on this whole issue of molestation, because it really doesn't have much to do with the issues we've got in front of us which is, was there a contract . . . or not[.]" In emphasis, the district court stated: "And from the other side, . . . Venie, please stay away, you know, from being a child molester and all that sort of thing."

**{8}** On direct examination of his former client, Mr. Alford, Venie asked the following question: "So did you admit your crimes to me or deny them?" To which Mr. Alford responded, "I admitted them to you." The district court held an immediate bench conference. The colloquy from the district court—directed to Venie—began with, "What are we doing?" Responding to Venie's argument that he did not refer to the crimes by name, again the district court admonished: "I think I stated . . . a number of times on the record so far that I think going into that has a potential—I have some questions about relevance for one thing, but beyond that, going into that has the potential to be unduly prejudicial. . . . I really don't think that is part of this case, which is essentially a breach of contract case." After stating its concern—"that . . . the horse is out of the barn"—and finding that the question and answer were unduly prejudicial under Rule 11-403 NMRA, the district court directed the jury to "disregard the last question and answer[.]"

**{9}** Venie called himself to testify. After discussing many of the contract terms and documents, Venie again revealed that he had represented Mr. Alford on the "types of crimes" that are "the worst thing you can be accused of." After excusing the jury, the district court again cautioned Venie to stay away from testimony that inferred that Mr. Alford committed the crimes for which he had been charged: "[I]t's unduly prejudicial[.] . . . I don't want to put that in there because, frankly, I think it would be

6

almost reversible error to let it come in." Continuing his testimony, Venie commented to the jury on the propriety of his revealing client confidences: "When you're an attorney, you're not really supposed to reveal their confidences and that sort of thing." In stopping the testimony, the district court stated that this "area" is not to be argued before the jury. However, on Venie's cross-examination by Mrs. Alford, Venie again responded that he had represented Mr. Alford on "three incest counts."

{10}    In closing argument Venie emphasized that he had represented Mr. Alford for three years on two separate cases covering "dozens of felonies, and we heard what they are." Venie characterized Mr. Alford's testimony as "lies out of a criminal's mouth" and "[a] lying criminal sits over there and asks you to help them." Venie also stated that Mr. Alford had "sued his granddaughter, the victim[,]" and that Mrs. Alford "had covered up for 50 years for him," and Mrs. Alford "didn't cry when she found out what happened to the granddaughter[.]"

**DISCUSSION**

{11}    On appeal, we must determine whether the district court abused its discretion under Rule 11-403 by allowing Plaintiff to repeatedly discuss the subject matter that it previously excluded when it granted the Alfords' motion in limine. We review the district court's decision to admit or exclude testimony for an abuse of discretion. *See Behrmann v. Phototron Corp.*, 1990-NMSC-073, ¶ 17, 110 N.M. 323, 795 P.2d 1015

7

(explaining that the district court has "a great deal of discretion in admitting or excluding evidence, and we will reverse the [district] court only when it is clear that the court has abused its discretion"). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999 (internal quotation marks and citation omitted). In balancing the probative value and the unfair prejudice of the evidence, an abuse of discretion occurs where the district court's decision "is contrary to logic and reason." *Davila v. Bodelson*, 1985-NMCA-072, ¶ 12, 103 N.M. 243, 704 P.2d 1119. Based on the record before us, we conclude that the probative value of the evidence was substantially outweighed by a danger of unfair prejudice, and it should have been excluded.

**{12}** Evidence is unfairly prejudicial "if it is best characterized as sensational or shocking, provoking anger, inflaming passions, or arousing overwhelmingly sympathetic reactions, or provoking hostility or revulsion or punitive impulses, or appealing entirely to emotion against reason." *State v. Stanley*, 2001-NMSC-037, ¶ 17, 131 N.M. 368, 37 P.3d 85 (internal quotation marks and citation omitted). To be excluded under Rule 11-403, the evidence must not only be prejudicial, it must be unfairly so, which means that it has a "tendency to suggest decision on an improper

8

basis, commonly, though not necessarily, an emotional one." *Stanley*, 2001-NMSC-037, ¶ 17 (internal quotation marks and citation omitted).

{13} The district court admonished Venie multiple times regarding the subject matter and effect of the introduction of such inflammatory evidence. In granting the Alfords' motion in limine, the district court properly executed its role as a gatekeeper and balanced the relevance of the inflammatory evidence against its probative value in a contract dispute. *See State v. Pickett*, 2009-NMCA-077, ¶ 13, 146 N.M. 655, 213 P.3d 805 (discussing the role of the district court to act as "a gatekeeper to insulate the jury from prejudice and confusion"). Nonetheless, Venie persisted with his virulent statements regarding the sexual content of the prior criminal charges against Mr. Alford, his purported guilt, and Mrs. Alford's alleged coverup. Despite the district court's ruling on the motion in limine, Venie continued his attack, to which the district cautioned against the "emphasis on guilt," stated that it did not "want to declare a mistrial," and noted that the evidence was irrelevant and unduly prejudicial—"the horse is out of the barn" and that "it would be . . . reversible error to let it come in." Undeterred by the district court's admonishments Venie continued his improper trial strategy throughout trial and closing argument.

{14} Our review of the record reveals the district court's concerns that the multiple references to the improper evidence was highly prejudicial, and we agree. "Evidence

9

should be excluded if it is calculated to arouse the prejudices and passions of the jury and is not reasonably relevant to the issues of the case." *State v. Chamberlain*, 1991-NMSC-094, ¶ 9, 112 N.M. 723, 819 P.2d 673 (alteration, internal quotation marks, and citation omitted). The key part of Venie's trial strategy in this breach of contract case was to portray Mr. Alford, his former client, as a child molester and sexual predator and that Mrs. Alford covered up these facts for 50 years. Venie executed this strategy in his opening statement, cross examination, and closing statement. In alerting the jury that Mr. Alford had hired Venie to represent him in criminal matters involving sex with his own granddaughter, forcible rape, forcible sodomy on children, and kidnapping, on cross examination, Venie secured a confidential attorney-client statement from Mr. Alford that he had admitted these crimes for which he had been acquitted. We conclude that this evidence was unfairly prejudicial. *See Stanley*, 2001-NMSC-037, ¶ 17 (explaining that the district court should exclude evidence deemed "so extraordinarily inflammatory to the jury that the evidence substantially outweighed its probative value").

**{15}** The district court acknowledged that the prejudicial evidence violated Rule 11-403. The dispute concerned a breach of contract; thus, we also agree with the district court's conclusion that the probative value of the evidence was minimal. Despite directing Venie to stay focused on the contract issues, and to stay away from the

10

nature of the criminal charges and inferences of guilt, nonetheless the jury heard the inflammatory evidence repeatedly. Concerned about the prejudicial effect on the jury, the district court stated that the evidence had gone "beyond the pale on this whole issue of molestation[.]" Yet again, in closing argument the jury heard that Mr. Alford was a criminal, molested his granddaughter, and Mrs. Alford was ostensibly a co-conspirator. Venie's repeated refusal to heed the district court's admonitions and the court's single instruction to the jury to disregard Mr. Alford's admission of "crimes" necessarily resulted in unfair prejudice to Mr. Alford.

{16}    Finally, we note that our Supreme Court permanently disbarred Venie for revealing these client confidences and statements of his client's guilt in the case before us. *See In re Venie*, 2017-NMSC-018, ¶¶ 23-27, 41, 395 P.3d 516. Although we decline the Alfords' offer to give preclusive effect to the Supreme Court's ruling, and instead review for an abuse of discretion, our conclusion regarding unfair prejudice is bolstered by our Supreme Court's holdings.

**CONCLUSION**

{17}    We conclude that the district court abused its discretion in admitting the testimony at issue and therefore reverse.

{18}    **IT IS SO ORDERED.**

_____

11

                              **STEPHEN G. FRENCH, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**