This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40305**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KEVIN MURPHY,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Sandra Watkins Engel, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Defendant appeals from his conviction for driving while intoxicated (impaired to the slightest degree). We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Our calendar notice proposed to affirm based on our suggestion that Defendant failed to demonstrate that the admission of an unredacted lapel video showing him using a slur was unfairly prejudicial. [CN 3] In his memorandum in opposition,

Defendant continues to argue that the metropolitan court erred in admitting the video because its admission was more prejudicial than probative. [MIO 8-13]

**{3}** Defendant maintains there was "a reasonable probability" that the admission of the unredacted lapel video contributed to the metropolitan court's decision to convict Defendant because the other evidence "was not overwhelming[.]" [MIO 13] Specifically, Defendant contends that, because "chemical testing did not establish impairment per se and the remaining evidence was equivocal[,]" there is a "reasonable probability" that admission of the video with the slur contributed to his conviction. [MIO 10] However, Defendant does not assert that the State failed to present any evidence at all to support his conviction, and we reiterate that it was for the trier of fact to weigh the evidence presented. *See State v. Sutphin*, 1988-NMSC-031, ¶ 23, 107 N.M. 126, 753 P.2d 1314 (stating that an appellate court "may neither reweigh the evidence nor substitute its judgment for that of the [factfinder]"). To the extent Defendant invites us to reweigh the evidence, we decline to do so. [MIO 13] *See id.* ¶ 21 ("An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence."). We further note that, when "admissibility of evidence is challenged at a bench trial," as in this case, "we generally presume that a judge is able to properly weigh the evidence, and thus the erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision." *State v. Pickett*, 2009-NMCA-077, ¶ 13, 146 N.M. 655, 213 P.3d 805 (internal quotation marks and citation omitted).

**{4}** Defendant relies on authority from other jurisdictions to support his broad assertion that "inflammatory language, such as racial slurs, can be so prejudicial as to render them inadmissible unless the probative value of their admission outweighs the prejudice." [MIO 10-12] We note, however, that those out-of-state cases appear to deal with the risk of inflammation of a jury. [MIO 10-12] *Cf. Pickett*, 2009-NMCA-077, ¶ 13.

**{5}** Accordingly, we are unpersuaded that the arguments asserted by Defendant in his memorandum in opposition impact our analysis or our disposition of the case; as such, we affirm for the reasons stated in our notice of proposed disposition and herein.

**{6}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**