This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42402**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**JEREMIAH SNELSON,**

  Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Asra Elliot, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**    Defendant appeals his conviction for DUI. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a memorandum in opposition. After due consideration, we remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm the metropolitan court.

**{2}**    Defendant continues to argue that the metropolitan court erred in admitting testimony from Sgt. Poggia and videos from his lapel camera. Defendant specifically argues that a portion of one of the lapel camera videos contained inadmissible hearsay

and violated his right to confrontation. [MIO 9-14] Defendant also contends that inadmissible evidence regarding his performance on field sobriety tests (FSTs) was admitted through Sgt. Poggia's testimony and footage from the lapel camera. [MIO 15-19]

**{3}** However, as we observed in our notice of proposed summary disposition, and as Defendant acknowledges, this case involved a bench trial. To the extent the metropolitan court erred in the admission of this evidence, "[w]e presume that a judge is able to properly weigh the evidence, and thus the erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision." *State v. Hernandez*, 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156. The record in this case reflects that while the metropolitan court reviewed the body camera footage in determining its admissibility, it did not rely on the video evidence or on Sgt. Poggia's observation of the FSTs in convicting Defendant. *See id.* (recognizing that in a bench trial "the judge often hears evidence or argument that [they] must subsequently disregard when functioning as fact-finder"); *see also State v. Pickett*, 2009-NMCA-077, ¶ 15, 146 N.M. 655, 213 P.3d 805 (affirming a conviction involving potentially improper evidence where "there is no indication that [the trial court] 'must have' considered [the evidence] in an inappropriate way").

**{4}** Accordingly, for these reasons, and those set out in our notice of proposed summary disposition, we affirm Defendant's conviction.

**{5}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**J. MILES HANISEE, Judge**