This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38122

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LEAH HOWLAND,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant appeals from the district court's final order in an on-record appeal, affirming the metropolitan court's sentencing order that convicted Defendant for DWI. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

{2}     Defendant's docketing statement listed three issues on appeal: (1) the evidence was insufficient to prove that her inability to maintain a lane was the result of alcohol

consumption, rather than trauma or hysteria from the physical fight she and her boyfriend had; (2) the State needed to present expert testimony as to the actual cause of Defendant's poor driving; and (3) there was no evidence presented that Defendant had consumed liquor rather than beer, as stated in the DWI statute. [DS 5] Our notice proposed to adopt the district court's memorandum opinion and proposed to make a few additions to the district court's analysis. Defendant's response to our notice pursues only the first two issues, asserting the evidence did not show that Defendant's "decreased ability to drive or maintain a lane was necessarily or even primarily due to alcohol consumption" and the jury would need expert testimony to make such a determination. [MIO 5-7] Defendant therefore abandons the third issue, and we do not address it further. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136.

**{3}**     As stated in our notice, we are not persuaded that the State was required to prove that her alcohol consumption necessarily made her incapable of driving safely or that her impairment was primarily caused by intoxication. Rather, the State's burden was to prove that "as a result of drinking liquor the driver was less able *to the slightest degree*, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the driver and the public." *State v. Pickett*, 2009-NMCA-077, ¶ 1, 146 N.M. 655, 213 P.3d 805 (emphasis added) (alterations, internal quotation marks, and citation omitted)). We remain persuaded that under the standard of review correctly set forth by the district court, the evidence of Defendant's alcohol consumption, her poor driving, and the ways in which she poorly performed on the FSTs provides sufficient circumstantial evidence that her drinking alcohol resulted to the slightest degree in her diminished ability to safely handle the vehicle. [RP 116-11] *See State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding there was sufficient evidence of DWI where the defendant "smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was speeding while driving down the middle of the road").

**{4}**     In response to our notice, Defendant asserts that her breath alcohol test (BAT) results did not give rise to a presumption of impairment by alcohol. [MIO 5] Our proposed analysis contained no reliance on her BAT results as a presumption of impairment. Rather the results, close to the legal limit (0.7 and 0.6), are relevant to Defendant's consumption of alcohol. *See Pickett*, 2009-NMCA-077, ¶¶ 10-14 (holding that the defendant's BAC results of .07 and .08 were relevant to the defendant's DWI (impaired to the slightest degree) charge to establish consumption of alcohol, even without extrapolation evidence presented in the bench trial). We consider Defendant's BAT results and all the signs of impairment she exhibited in determining the sufficiency of the evidence. As explained in the district court's memorandum opinion, it was for the jury to weigh the evidence and determine whether Defendant was impaired in her driving to the slightest degree by alcohol. [RP 119-20]

**{5}**     To the extent Defendant relies on this Court's recent opinion in *State v. Rael* 2020-NMCA-___ , ¶ 47, ___ P.3d ___ , (No. A-1-CA-37066, Apr. 7, 2020), to support her contention that this Court may reweigh the evidence where there are equally

plausible inferences that can be drawn from the evidence, we are not persuaded this is an accurate characterization of our opinion. In *Rael*, the issue was whether the defendant knew or had reason to know that certain videos at issue contained child sexual exploitation. *Id.* ¶ 45. This Court reviewed all the evidence and determined there was no evidentiary support from which the jury could infer that the defendant had reason to know there was child sexual exploitation in the videos or had viewed the videos before he copied them. *Id.* ¶¶ 48-50. Thus, there were not equally plausible inferences to draw from the evidence in *Rael*.

**{6}** Additionally, as indicated above, the jury in the current case did not need to decide between equally plausible reasons for her impaired ability to drive; it only needed to determine whether she affected by alcohol to the slightest degree such that she was less able to safely drive. For all the reasons stated in the district court's memorandum opinion, we continue to reject Defendant assertion that the jury could not make such a determination without expert testimony. [RP 120-21]

**{7}** Lastly, we agree with the district court's assessment that Defendant's argument—that she was impaired by hysteria or trauma rather than alcohol—constitutes a defense Defendant was free to present through cross-examination and expert testimony. [CN 121] It was not the State's burden to disprove her defense.

**{8}** For the reasons set in our notice and in this opinion, we affirm Defendant's conviction.

**{9}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**