This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40047

**CARLA MILLER,**

Petitioner-Appellee,

v.

**ANDREW MILLER,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT CURRY COUNTY**
**David Peter Reeb, Jr., District Judge**

Hollie L. Barnett
Clovis, NM

for Appellee

Andrew Miller
Navarre, FL

Pro Se Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Respondent, the self-represented father of the children, appeals from the district court's order denying Petitioner's motion to modify custody, but granting Petitioner's motion to modify visitation. We issued a notice proposing to summarily affirm. Respondent has filed a memorandum opposing our notice, which we have duly considered. We remain unpersuaded that Respondent has demonstrated error and affirm.

**{2}** On appeal, Father contends that the district court improperly modified the visitation arrangement on grounds that the district court erroneously considered the children's hearsay statements in concluding that they had contact with his new wife, Ms.

Salas, in violation of the court's order. [MIO 1-9] As explained in our notice, there are ways for the children's statements to convey to the district that they were in contact with Ms. Salas that did involve the admission of hearsay or inadmissible hearsay, and Respondent bore a heightened obligation to show prejudice by the admission of inadmissible hearsay in a bench trial. [CN 3-4] *State v. Pickett*, 2009-NMCA-077, ¶ 21, 146 N.M. 655, 213 P.3d 805 ("We presume that a judge in a bench trial is able to properly weigh the evidence and that erroneous admission of evidence is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision." (internal quotation marks and citation omitted)).

**{3}** In response to our proposed analysis, Respondent continues to assert that all the children's statements in exhibits 5 and 6 were hearsay [MIO 1-7], but does not *demonstrate* that all the statements made in those exhibits constituted inadmissible hearsay and that the district court, sitting as fact-finder, could not have determined that Ms. Salas had contact with the children without relying exclusively on inadmissible hearsay. *See* Rule 11-801(C) NMRA (defining hearsay as an out-of-court statement that "a party offers in evidence *to prove the truth of the matter asserted in the statement*" (emphasis added)); *Pickett*, 2009-NMCA-077, ¶ 21; *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

**{4}** Respondent's remaining arguments appear to challenge the children's credibility and highlight the inconsistency of their statements. [MIO 7-9] It is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie. *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. On appeal, we do not second-guess trial court decisions concerning the credibility of witness, nor do we reweigh the evidence, nor substitute our judgment for that of the fact-finder. *See State v. Garcia*, 2011-NMSC-003, ¶ 5 149 N.M. 185, 246 P.23d 1057.

**{5}** For the reasons set forth above and in our notice, we hold that Respondent was not demonstrated error and affirm the district court's order modifying visitation.

**{6}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**