This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40009**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MANUEL I. RODRIGUEZ-WARREN,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Henry A. Alaniz, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**    Defendant appeals his metropolitan court conviction, after a bench trial, for first offender DWI (slightest degree). We issued a calendar notice proposing to affirm. Defendant has responded with a motion to amend the docketing statement and a memorandum in opposition. We hereby deny the motion to amend the docketing statement, and we affirm Defendant's conviction. We also remand this matter to the metropolitan court with instructions to correct a typographical error in the judgment and sentence.

## TYPOGRAPHICAL ERROR

**{2}** The metropolitan court judgment refers to Defendant's conviction as based on the per se DWI alternative (.08 or above). [RP 33] *See* NMSA 1978, § 66-8-102(C)(1) (2016). However, it is clear from the evidence and the trial judge's comments that Defendant was found guilty on the "slightest degree" alternative and/or the "under the influence of any drug" alternative contained in NMSA 1978, Sections 66-8-102(A) and (B) (2016). [CD 9/7/21 3:48] We therefore remand with instructions to correct the record.

## MOTION TO AMEND

**{3}** Defendant has filed a motion to amend the docketing statement to add a new issue. [MIO 1] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{4}** Here, Defendant seeks to add the issue of whether the district court should have granted his motion to suppress on the ground that the officer lacked reasonable suspicion to prolong the search. [MIO 1] *See State v. Funderburg*, 2008-NMSC-026, ¶ 14, 144 N.M. 37, 183 P.3d 922 ("An officer's continued detention of an individual, while lawful at the outset, may become unlawful if the officer unjustifiably expands the scope of the detention or, without a valid factual basis, makes inquiries about other criminal activity unrelated to the traffic violation.").

**{5}** Here, Deputy Valente Marquez stopped Defendant's vehicle for running a red light. [MIO 3] Upon approach Deputy Marquez smelled a strong odor of marijuana, and Defendant admitted to smoking marijuana and had watery bloodshot eyes. [MIO 3] Defendant did poorly on the field sobriety tests. [RP 26] Defendant's breath test indicated that he had a blood alcohol content (BAC) of .06/.07. [MIO 3; DS 2]

**{6}** Defendant maintains that Deputy Marquez lacked reasonable suspicion to prolong the search to investigate possible alcohol impairment, since he should have instead summoned an expert to investigate drug impairment. [MIO 3-4] Defendant thus agrees that the detention could have been prolonged for the arrival of the drug impairment expert. Regardless, Deputy Marquez had reasonable suspicion of impairment that supported a detention beyond the purpose of the traffic stop. *See State v. Taylor*, 1999-NMCA-022, ¶ 22, 126 N.M. 569, 973 P.2d 246 (observing that the subjects of drugs and alcohol could come within the scope of an investigation if evidence of drugs and alcohol becomes apparent to the investigating officer); *State v. Williamson*, 2000-NMCA-068, ¶ 8, 129 N.M. 387, 9 P.3d 70 ("[W]hen an officer

investigating a traffic violation has a reasonable and articulable suspicion that the driver is impaired, the officer may detain the driver to investigate the officer's suspicions."). Accordingly, we conclude that this issue is not viable.

**DUE PROCESS**

**{7}** Defendant continues to claim that the trial court impermissibly shifted the burden of proof by stating that the evidence presented by the State created a rebuttable presumption of guilt. [MIO 5] Specifically, Defendant claims that the trial court erred in noting the BAC results in this case would create a presumption of guilt under NMSA 1978, Section 66-8-110(B)(2)(a) (2007), which is a presumption that applies to commercial drivers and was not applicable in this case. [MIO 4] Because this case did not involve a commercial driver, the .06 BAC in this case did not create a legally binding presumption under that statute. Although the trial referred to the failure to rebut a presumption in this case [MIO 6], "[o]ral statements of a judge in articulating his ruling at the close of trial do not constitute a 'decision' . . . , and error may not be predicated thereon." *Balboa Constr. Co. v. Golden*, 1981-NMCA-157, ¶ 26, 97 N.M. 299, 639 P.2d 586. As noted above, this case did not involve a per se BAC violation of the DWI statute. Instead, Defendant was convicted for DWI under the "slightest degree" alternative. [9/7/21 CD 3:48] We construe the court's to convict Defendant, and that the court was not persuaded that there was a basis for concluding otherwise. In other words, the court did not impose a legally binding presumption of guilt based on the BAC, but merely looked at it as one part of the State's case, which included independent evidence of impairment. *See State v. Pickett*, 2009-NMCA-077, ¶¶ 10-14, 146 N.M. 655, 213 P.3d 805 (holding that the defendant's BAC results of .07 and .08 were relevant to the defendant's DWI (impaired to the slightest degree) charge to establish consumption of alcohol).

**{8}** For the reasons set forth above, we affirm, and we remand to correct the typographical error discussed above.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**