This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40068**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**HEATHER DOWDICAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

English Law Firm, P.C.
Nancy G. English
Tucumcari, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appeals her conviction for aggravated driving while under the influence of intoxicating liquor or drugs (DWI). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which includes a motion to amend the docketing statement. Having duly considered Defendant's memorandum, we remain unpersuaded and affirm.

**{2}** Defendant seeks to amend the docketing statement to challenge the sufficiency of the evidence to support her conviction. In cases assigned to the summary calendar,

this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{3}**     Defendant argues the evidence was insufficient to prove that she was, as a result of drinking liquor, less able to the slightest degree, to operate a motor vehicle. [MIO 17-18] In support of this argument, Defendant offers alternative explanations for her red and watery eyes and the odor of alcohol observed by the officer. [MIO 18-19] In addition, Defendant asserts that video evidence did not show "slurred speech" and the officer never complained he could not understand Defendant because she was slurring her speech. [MIO 18] Defendant's alternative version of the facts and her identification of apparent inconsistencies in the evidence are not grounds for us to conclude the evidence was insufficient to support a conviction. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 ("We defer to the [trial] court when it weighs the credibility of witnesses and resolves conflicts in witness testimony."); *see also State v. Martinez*, 2018-NMSC-007, ¶¶ 13, 18, 410 P.3d 186 (concluding, in a case where video evidence was not entirely consistent with an officer's testimony, "that the Court of Appeals . . . contravened the standard of review by independently reweighing the evidence on appeal"). We note that it is undisputed that Defendant refused a breath test, warranting the aggravation of her DWI charge. Having reviewed the evidence and Defendant's challenge thereto, we conclude that the evidence of aggravated DWI was sufficient. As a result, we deny the motion to amend for lack of viability.

**{4}**     Defendant also argues, as she did in her docketing statement, that video evidence of the Horizontal Gaze Nystagmus (HGN) test was unsupported by scientific testimony and therefore improperly admitted. [MIO 6-13] "Because HGN testing involves scientific knowledge, only a scientific expert may testify as to its results." *State v. Torres*, 1999-NMSC-010, ¶ 46, 127 N.M. 20, 976 P.2d 20. In our notice of proposed disposition, we proposed to adopt the district court's analysis of this issue, including its conclusion that the video evidence did not constitute scientific evidence. [CN 2] In her memorandum in opposition, Defendant claims that the officer testified "as to the results of the [HGN] test and the video showed the results of the test." [MIO 10] We disagree.

**{5}**     Concerning the officer's testimony, Defendant admits that the officer did not provide any opinions or conclusions about the results of the HGN test, including

whether Defendant's eyes manifested HGN. [MIO 10] Defendant asserts the officer's testimony that Defendant failed to follow instructions, did not follow the officer's finger with her eyes while moving her head, and moved her head "are results of the [HGN] test that require expert testimony[.]" [MIO 10] Defendant additionally asserts, without elaboration, that the officer implied that Defendant did not pass the HGN test. [MIO 9] Defendant has identified no other portion of the officer's testimony that could be construed as addressing the results of the HGN test.

{6}     We have previously recognized that an officer's "recitation of what he said and did in administering the test, and his observations of [a d]efendant's actions during the HGN, walk-and-turn, and one-leg-stand tests . . . fits firmly within the definition of lay testimony." *Town of Taos v. Wisdom*, 2017-NMCA-066, ¶ 26, 403 P.3d 713; *see also id.* ¶ 23 (explaining that the officer "did not testify as to the results of the HGN test or render an opinion on [the d]efendant's performance of that test"); *State v. Pickett*, 2009-NMCA-077, ¶ 4, 146 N.M. 655, 213 P.3d 805 (same). The testimony at issue in this case—which did not include any statements about the results or opinions about Defendant's performance—likewise falls within that realm. *Compare Wisdom*, 2017-NMCA-066, ¶¶ 26, 30 (discussing the officer's testimony concerning administration of the HGN test and his observation of the defendant's performance on the test, and concluding that it was unnecessary to establish the scientific or technical reliability of field sobriety tests (FSTs) prior to admitting the testimony), *with State v. Lasworth*, 2002-NMCA-029, ¶¶ 8, 28, 131 N.M. 739, 42 P.3d 844 (concluding that the trial court properly excluded the results of the HGN FST where "[t]he officer testified that on the HGN FST, Defendant demonstrated a 'lack of smooth pursuit' in both eyes, 'distinct nystagmus at maximum deviation' in both eyes, and an 'angle of onset of nystagmus' of approximately forty degrees" and also testified that "the presence of all six HGN cues indicated [the d]efendant was 'under the influence' of alcohol or another central nervous system depressant . . . at the time of the test"), *and State v. Christmas*, 2002-NMCA-020, ¶ 14, 131 N.M. 591, 40 P.3d 1035 (noting that an officer "made an impermissible reference to the HGN test by stating that [the d]efendant 'didn't pass that one'").

{7}     Turning to the video, we observe that the recording viewed by the jury was redacted; the portion of the video showing the officer discussing the results of the HGN test was not admitted into evidence. [MIO 5-6] Nevertheless, Defendant contends "the video showed the results of the test." [MIO 10] Defendant does not elaborate on this assertion, nor direct us to any portion of the record that supports her claim that the video showed HGN test results. *See Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence."); *id.* ¶ 72 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). We note that the trial court remarked that the phenomenon of HGN—an involuntary jerking of the eyes—was not discernable in the video [RP 161-62], and Defendant has not provided us with any facts or argument to support a different conclusion. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that on appeal we presume correctness and the burden is on the appellant to demonstrate trial court error).

**{8}** Lastly, we address Defendant's allegations of improper juror communications. Our calendar notice proposed to conclude that Defendant abandoned this issue by not raising it in her on-record appeal before the district court. [CN 3] Defendant's memorandum in opposition does not engage with our analysis on this point. Rather, Defendant contends that the issue involves the fundamental right to a fair and impartial jury. [MIO 13] "Fundamental rights, such as the right to trial by a fair and impartial jury, may be waived or lost." *State v. Pacheco*, 2007-NMSC-009, ¶ 10, 141 N.M. 340, 155 P.3d 745. We decline to exercise our discretion to review this issue, which Defendant did not raise before the district court. *See* Rule 12-321(B) NMRA (noting that the appellate court has discretion whether to consider unpreserved issues under limited circumstances); *cf. State v. Munoz*, 2008-NMCA-090, ¶ 28, 144 N.M. 350, 187 P.3d 696 (declining to review an unpreserved issue, and explaining that the "[d]efendant had the opportunity to invoke complete scrutiny of the issue in the district court. If he had done so, the parties would have had the ability to fully develop the facts and argue the law on the issue, and the district court would have been able to make a decision with a sufficient record before it.").

**{9}** Defendant has not otherwise presented any facts, authority, or argument in her memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{10}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{11} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**